IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT WILLIAMS,                  §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:07-CV-2161-D
VS.                               §
                                  §
FORD MOTOR CO.,                   §
                                  §
            Defendant.            §

MEMORANDUM OPINION
AND ORDER

Plaintiff Robert Williams ("Williams") sues Ford Motor Company ("Ford"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Ford moves to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6). Williams opposes the motion, and alternatively requests leave to amend his complaint. The court grants Ford's motion to dismiss, but it also grants Williams leave to amend.[*]

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell* Atl., 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (internal citations, quotation marks, and brackets omitted).

Williams' complaint falls well short of these requirements. The allegations concerning Ford's conduct, in their entirety, are as follows:

> [o]n information and belief, the Defendant followed a policy and practice of discrimination against Plaintiff because of his disability, in violation of the [ADA], and his age (66 years) in violation of the [ADEA], and his race (black) in violation of [Title VII]. The discriminatory practices and policies include, but are not limited to the following: (a) Terminating plaintiff's employment on May 24, 2003; (b) Failing to make reasonable accommodations for Plaintiff's disability; (c) Discriminating against Plaintiff in the terms, conditions and privileges of employment; and (d) Retaliating against Plaintiff in violation of the Act.

P. Compl. ¶ 6. With the exception of Williams' allegation that he was terminated on May 24, 2003, this is nothing more than a series of bare legal conclusions. Moreover, the fact that Williams was terminated is of itself insufficient to "raise a right to relief above the speculative level." *Bell Atl.*, 127 S.Ct. at 1965. Accordingly, Ford's motion to dismiss is granted.

Williams seeks leave to cure the foregoing deficiencies by filing an amended complaint. In responding to such requests, the court has previously stated:

> in view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.)). Ford has neither responded to Williams' request for leave nor otherwise suggested that leave should not be granted under these circumstances. Accordingly, Williams may file an amended complaint—electronically or on paper—within 30 days of the date

this memorandum opinion and order is filed.

**SO ORDERED.**

February 26, 2008.

                                           _____
                                           SIDNEY A. FITZWATER
                                           CHIEF JUDGE